By the Court, Robertson, Ch. J.
If the plaintiff acquired the reversionary interest of the defendant Lorillard in the premises in question during the existence of the lease made by the latter, by virtue of the instrument which assigned such lease to him, he took it cum onere, that is with the obligation of performing all that such lessor was bound to perform in order to make the lessee liable for any rent. The lessor thus, by his covenant in such assignment, was left as a mere surety for the payment of such rent only in case the plaintiff did what was necessary to make such lessee liable; because otherwise he would lose all right of recourse against such lessee by, virtue of any subrogation in case of paying such rent himself to the plaintiff. If, however, the lessor was to be made absolutely liable on his covenant for such rent, *262 without any obligation on the part of the plaintiff, the transaction of an apparent sale of the lease became a usurious contract to pay $25,000 in forty quarterly installments for a loan of $10,000 only, and as such void.
But assuming such contract not to be usurious, and that the plaintiff acquired a reversionary interest in the land, to which the rents reserved were incident, I do not find any principle of law which justifies the appointment of a receiver either of the fee or even of the estate for years in such land.
The complaint asks, as final relief in the action, that the defendants who are holders of the fee of the premises in question, in remainder, should convey it to a receiver, to be taken possession of and leased by him, and out of the rents to have the surplus, after paying taxes, assessments and interest on a prior incumbrance, applied quarterly or monthly in satisfaction both of a judgment obtained by the plaintiff against tíre defendant Lorillard for a quarter’s rent of such premises due under such lease and of all the rents reserved in such lease hereafter to accrue. The notice of motion on which the order appealed from was made, specified simply the appointment of a receiver of the premises in question, to rent them and receive the rents until the further order of the court. Of course the court would not be authorized to appoint a receiver generally to collect and hold rents for future adjudication, unless the title to the land formed the subject of litigation under the first subivision of the 244th section of the Code of Procedure, or the plaintiff showed an apparent right to the rents ■ eo nomine, or an ownership of them as such, or some equity to have them applied so as to prevent injury to him or protect his rights. The counsel for the plaintiff has not undertaken to specify how far he seeks to have the authority of the receiver extend, or by what event or upon the lapse of what time he proposes to *263 have it terminated. It is fair, therefore, to assume that he proposes to have the powers of the receiver as extensive and of as long duration as the receivership asked for in the complaint; in other words, to anticipate the sole, final relief asked for by him, if the case in the complaint entitles him thereto.
Except by virtue of his judgment, I do not perceive any shadow of right by which the plaintiff can claim to have the fee of the premises in question sequestered by this court to pay rent of them past due, and still less that hereafter to accrue. Ho legal or equitable claim therefore could arise from the accidental union of the ownership of the term for years and the estate in remainder, in the same person. Hor could any lien have been created upon such estate in remainder either by the conveyance of a reversionary estate for ten years, or a covenant of guaranty for the payment of rents arising therefrom. The plaintiff could not have any such relief in the action ultimately, and has, therefore, no right to it by anticipation, as the ownership of the fee, or a hypothecation of it, is clearly not (except so far as the judgment is concerned) a subject of litigation in this action. It is therefore hardly necessary to notice how monstrous would have been any assumption by the court of power to create a virtual trustee of the fee, to lease the land and receive the rents, pay off incumbrances and satisfy the plaintiff’s claims for rent as they accrue, such trust to continue for at least ten years (the duration of the lease) and as much longer as might be necessary to accomplish the purposes of the trust. A similar exercise of authority is wholly unheard of. A sale by the officers of the court if the lease could operate as a mortgage of the fee, payable in installments, might be within its jurisdiction. But there is no conceivable principle of equity or fiction of law by which a lease or the assignment of it, *264 could be converted into such a mortgage of the fee, merely because the assignor happened to be tenant in remainder.
Assuming, however, the plaintiff’s request to be more modest, and to reach only to a receivership of the premises during the term of the defendant Hurlburt; the same objection exists, of creating a standing trustee for at least ten years, to lease and receive rents during that time and apply them to paying off incumbrances and satisfying the plaintiff’s claims as they accrue. If there was any pledge of such estate for years, in law or in equity, for the payment of such rents, or any equity existed to have it applied in satisfaction of them, the proper and usual exercise of jurisdiction to enforce such lien or equity would only be by a sale of the estate for years. The plaintiff, however, does not ask for that, because he claims to be the owner of such term himself and a sale of it in an action to which he' was a party, might carry with it a right to all the rents, which he claims as incident to his estate. He proposes, instead of that the exercise of an unusual kind of jurisdiction by creating a trustee, to continue after judgment has been obtained in the action, who might by a lease to a tenant who should fail to pay his rent, place hims°elf in the same predicament as that in which the plaintiff is, and require a new receiver or trustee, and so on indefinitely. But the ground urged for exercising such equity is still stranger than the exercise itself; it is that an equity arises to have the rents of the land applied in payment of the plaintiff’s claim for rent, leaving the original lessor and lessee (the defendants Lorillard and Hurlburt) still liable, bécause at law, although the plaintiff could recover possession of his term by summary proceedings or ejectment, yet the contract would be thereby rescinded and the rent would cease, as being the consideration for the úse of the land. In other words, because the only remedy at law, apart from an action or distress, is a rescission of the contract and *265 restoration of each party to their former rights, therefore a remedy must be provided in equity, and that too, before any judgment obtained by an action of covenant for rent, which remedy, in the absence of all stipulation by the parties by way of pledge or otherwise, is to have the consideration received- by one side sold in satisfaction of the unpaid consideration due from the other. Thus leaving the party who originally received the consideration thus taken away from him, still liable to make up the deficiency of the consideration thus due; since otherwise the lessor would be compelled to leave the delinquent lessee in possession of the land, and have no redress except by action. It is seldom that any contracting party has three remedies at law to enforce a contract, but when he has, it certainly does not furnish a foundation for giving him a fourth in equity, by way of a right either in re, or ad rem. The defendants, of course, do not hold adversly to the plaintiff, nor is this action brought in order to obtain possession of the land, hi or is the basis of relief in it the protection of the property until the interests of the parties therein can be determined, for they are conceded, and there is a legal remedy for enforcing the plaintiff’s rights' therein. JSTor is there any pretense of a trust in the defendants for the plaintiff’s benefit, hi or is there any of waste done on the premises. The fact that the defendant Hurlburt refuses to occupy under the lease, may be ground for the plaintiff’s taking proceedings to get possession because the lease is void, but that can be done at law, and such refusal constitutes no ground for any relief in equity separate from so taking possession. The plaintiff must rely on his action against the lessee and his assignor for their covenants and his power of dispossession, and not on any supposed aid from a court of equity. There is no implied- or equitable pledge of lands by a lessee to lessor for rent, either conditionally or unconditionally, *266 ■which would justify the appointment of a receiver in an action to enforce such imaginary lien. Besides, there is nothing to prevent the plaintiff from pursuing any line of remedy he has upon an action for rent at the same time. He, however, proposes to take out of the defendant’s hands the property in question and lock it up by a trusteeship or receivership, while he is in fact pursuing such other remedies. The law presumes that rent is a fair equivalent for the land. The plaintiff proposes to lease such land anew, and out of the new rents to pay the old, without any proof what part of it they can pay, and so the receivership might continue forever. Yet in the meantime to harrass the parties by actions. Such a course smacks rather of oppression than equity. As, therefore, I cannot find in this case a resemblance to any one of the grounds upon which a receiver is usually appointed, the plaintiff is not entitled to it as assignee or grantee of the reversionary interest in the term for years.
The possession by the defendant, Blase Lorillard, of the premises in question, his failure to make alterations required by the lease to Hurlburt, and the refusal of the " latter to take possession, in consequence, are utterly immaterial on the question of a receivership. The plaintiff, if grantee of the reversionary interest in the term of years in question, can get possession if his rent is not paid. He stood in the place of the lessor when the alterations were to be made, and could, himself have made them so as to make Hurlburt liable if not so otherwise. Fraud in the conveyances to Lorillard’s son and wife of the remainder, does not concern the plaintiff, since they took subject to his rights if he took a grant of Lorillard’s reversionary interest'for the term of years in question by the assignment, inasmuch as that instrument was recorded.
I have considered the case as if the assignment to the plaintiff, of the lease to Hurlburt, constituted a grant to *267 the former of the reversionary interest of the defendant Lorillard in the land for the term of years specified in the lease; but if it only carried a right to the rents and other covenants as choses in action, which seems the better opinion, although such an assignee can sue in his own name (2 Hill, 274,) he has still less right to a receiver before judgment, than if he owned both the reversion of the land for the term and the rents; unless the want of power to re-enter, at law, constitutes a claim for a remedy in equity.
The charge of fraud in regard to the conveyances to the son and wife of the- defendant Lorillard is denied on behalf of the defendants^ and Mrs. Lorillard claims the premises in question as a bona fide purchaser for value, consisting of a release of her estate in dower in other premises. This is not denied by the plaintiff, and he could not, therefore, have a receiver appointed by reason of any such fraud, were this otherwise a proper case for one.
The order appealed from should be affirmed, with costs.
Barbour, J.
In view of the conclusion to which I have arrived upon a careful examination' of this ease, it is not necessary to consider whether the conveyance of the premises in Bleeker street by Blase Lorillard to his son for the purpose of being transferred by the latter to the wife of the former, without any valuable consideration being paid or given therefor, so far as the papers show, except a relinquishment by such wife, at some time, of her inchoate right of . dower in. other property, was or was not a fraud upon the plaintiff as a creditor of Blase Lorillard.
By the assignment to the plaintiff, Blase Lorillard transferred and set over to him, not only the lease of the premises known as. Ho. 69 Bleeker street, and all his right, title and interest therein and thereto, but, also, all his right “ to the rents, and issues and profits, arising and to hereafter arise during the whole term ” of the lease.
*268 Those words “ issues and profits," are wholly inapplicable to the lease, in any technical or legal sense, and can properly be construed as applying only to the land itself. For, the word “ issues” or “profits,” used singly, means the profits produced, or proceeds of lands, and, as a term in law language, is never used in any other sense. (3 Black. Com. 280. 2 Steph. Com. 2, 3. Burr. Law Dic.) And, where the three words are used, and the grant is of the rents, issues and profits of land, either for a term or in perpetuity,. the land itself passes, pro tanto. (Co. Litt. 4, b. Com. Dig. Grant, E 5. Cro. Eliz. 190. 17 John. 548.) The assignment, therefore, is, by its terms, a grant of the land itself, with all the rents, issues and profits which may arise therefrom, for and during the period fixed by the lease; and for that reason, if such assignment is valid, the plaintiff has a full and perfect remedy at law by his action in ejectment, for the recovery of the possession of the premises, and does not need the interposition of the equitable powers of the court for any purpose ; not even to set aside the deed executed to Mrs. Lorillard, subsequent to the assignment, as a cloud upon his title and right to possess and enjoy the premises for the term.
Besides; the affidavit of the principal defendant states that the assignment in question was made upon and in consideration of a loan to him, then made by the plaintiff, of the sum of $10,000, upon the undertaking of such defendant, that he would pay to the plaintiff therefor $25,000, in forty equal quarter yearly payments of $625 each, and upon the ' assignment to the latter of the lease in question, to be held by him as security for the payment of the said sum of $25,000; and those averments are not only uncontradicted, but are fully proven and established, it appears to me,, by the deed of assignment itself. For, in that instrument, the defendant acknowledges the receipt, upon the day of its date, of the sum of $10,000 from the plaintiff^ *269 and in consideration thereof, assigns and transfers the lease, and covenants and agrees that he will make certain alterations upon the premises, pay off all mortgages, pay all taxes and assessments, and keep the property fully insured, and, also, guaranties the performance of the covenants and agreements of the lessee in said lease, including, of course, the agreement of the latter to pay the rents for ten years at $2500 per year. Considering all the circumstances detailed by the defendant with the • agreement appearing upon the face of the deed, it appears to me impossible to resist the conclusion that it was the intention of the parties to the latter instrument, not merely to sell and purchase a lease, but to provide therein for the payment of an usurious loan. Such instrument is therefore void.
For these reasons, the order appealed from should he affirmed.